On September 17, 1946, F. R. Chandler, then owner of Lots 5 and 6 (adjoining) of the Hunter Subdivision in Bossier City, Bossier Parish, Louisiana, sold and conveyed by notarial act Lot 6 to C. B. Southerland, plaintiff herein. In the act of sale was embodied the following stipulation, to-wit: "It is understood and agreed that the garage apartment which is in the rear of lots five and six is located several feet over the line of lot five on lot six. With this conveyance goes a servitude on this lot for this garage apartment building and is to continue for the duration of the present structure, however at any time the said structure is removed or destroyed this servitude comes to an end."
Thereafter Chandler sold and conveyed to Mrs. Catherine Turner Streeter said Lot 5.
In his petition herein, plaintiff alleged:
"That Catherine Turner Streeter, a resident of Bossier City, Bossier Parish, Louisiana, is in possession of Lot 5, Block 1 of the Hunter Subdivision and that through her contractors, employees, servants or hired hands she is now beginning to change the garage apartment as mentioned in article two of this petition, into an apartment house, in spite of objections made orally by your petitioner.
"Your petitioner shows that the servitude granted in the deed under which your petitioner claims title was only for the life of the garage apartment that existed at the time the deed was drawn and clearly set *Page 709 
out that the servitude was to come to an end.
"That the building of an apartment house and the changing the character of the structure of the building that lies partly on the property of your petitioner is a strict violation of the covenant under which the property was sold and would cause an irreparable injury to your petitioner if the construction as above outlined would be allowed to proceed.
"That in order to protect your petitioner's rights and property in this cause, it is necessary that this court permanently restrain and enjoin defendant from enlarging, altering, or rebuilding garage apartment as above described, or from building anything whatsoever on lot Six of Block One of the Hunter Subdivision of Bossier City, Bossier Parish, Louisiana."
He prayed for and procured issuance of a rule upon defendant to show cause why a preliminary injunction should not issue herein "prohibiting and enjoining defendant from enlarging, remodeling, making into an apartment house or doing any thing to make the servitude on Lot 6, Block One of the Hunter Subdivision of Bossier Parish, Louisiana, more burdensome to the owner of said lot."
He prayed for judgment in the following language, to-wit: "restraining and prohibiting her from proceeding with the building and alterations of the garage apartment located partly on Lots Five and Six, Block One of the Hunter Subdivision of Bossier City * * *."
Defendant excepted to the petition and rule as disclosing neither a cause nor a right of action. These exceptions were sustained and the suit dismissed. Plaintiff appealed devolutively from judgment in keeping with the court's ruling.
When Chandler sold Lot 6 it was to his obvious interest, as owner of Lot 5, on which was located the greater portion of the garage apartment building, to protect himself and those who should hold under him, his ownership and possession of that portion of the building that rested upon said Lot 6, hence the stipulation in the deed which we have above quoted. This stipulation plainly provides that the servitude therein created should be in effect "for the duration of the * * * structure," but should cease should same be "removed or destroyed."
Defendant's position is that even conceding all of the allegations of the petition to be true, it is manifest that the building will not be "removed or destroyed" as a result thereof; and, so long as this is true, plaintiff is without right to complain.
The stipulation whereby the servitude was established does not expressly nor by implication restrict the use of the building to that of garage apartment, which, as we understand, means living and sleeping quarters in the second story and space for parking cars on the ground floor.
It seems clear to us that without incurring forfeiture of the rights that devolved under said stipulation the owner of Lot 5 was invested with the right to make such reasonable interior changes in the building as will promote convenience and insure rental returns. Of course, the building cannot be enlarged or extended so as to encroach upon any part of Lot 6 not covered thereby when the deed to plaintiff was executed. The petition does not clearly reveal that defendant contemplates such an enlargement. In brief, her counsel states that the only change in the building she contemplates is, since she has no automobile, to convert the ground floor into living quarters. Such alteration does not destroy the "present structure" within the meaning and intendment of the contract, nor will it make more burdensome the servitude.
It is true that in one part of the petition it is charged that defendant intends to enlarge the structure, but, if true, it is not alleged that the enlargement will fall upon defendant's own lot. Ambiguities or lack of definiteness in pleadings are construed against the pleader.
Taken as a whole, we agree with the lower court that the petition does not disclose a cause or a right of action against the defendant. Sustaining of the exceptions will not bar plaintiff from renewing *Page 710 
his suit, if because of faulty or inartful pleadings the true facts of his complaint have not been herein fully and adequately presented.
For the reasons herein assigned, the judgment from which appealed is affirmed at appellant's cost.